89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Nicola SINIS, Defendant-Appellant.
 No. 95-1268.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1995.
 
 Appeal from the United States District Court for the District of Connecticut (Alfred V. Covello, Judge ).
 APPEARING FOR APPELLANT: EARLE GIOVANNIELLO, New Haven, Connecticut.
 APPEARING FOR APPELLEE: STEPHEN V. MANNING, Assistant United States Attorney for the District of Connecticut, New Haven, Connecticut.
 D.Conn.
 AFFIRMED.
 Before J. EDWARD LUMBARD, J. DANIEL MAHONEY and PIERRE N. LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 1. Defendant-appellant Nicola Sinis appeals from an amended judgment entered April 7, 1995 in the United States District Court for the District of Connecticut following this court's vacatur of Sinis' initial sentence and remand to the district court to determine, inter alia, whether Sinis was entitled to a three-level decrease in his base offense level pursuant to USSG § 2X1.1(b)(2) because the conspiracy for participation in which Sinis had been convicted "did not ripen into [a] substantially completed offense[ ]." United States v. Amato, 46 F.3d 1255, 1262 (2d Cir.1995). On this appeal, Sinis contends that on remand the district court erred by declining to reduce his sentence pursuant to § 2X1.1(b)(2), which provides that the offense level for a conspiracy should be decreased by three levels
 
 
 4
 unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.
 
 
 5
 2. Sinis and his coconspirators, Steven Amato and Peter Martin, planned to rob a businessman in Byram, Connecticut who regularly carried his cash receipts across the street from his business establishment to a nearby bank for deposit. The conspiracy required Martin, who (unbeknownst to Sinis and Amato) was cooperating with the FBI, to assault the businessman with mace as he crossed the street, while Amato and Sinis waited in separate cars one block away. Sinis dropped Martin off at the robbery site and positioned himself for the escape. Martin then informed the FBI that the robbery was about to occur, and Sinis and Amato were arrested at the scene. The district court concluded that Sinis and Amato had completed all the acts they believed necessary on their part for the successful completion of the robbery.
 
 
 6
 3. In reviewing the sentencing determinations of a district court, we "shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e). Applying this standard, we agree with the district court's application of § 2X1.1(b)(2) to the circumstances of Sinis' case. Section 2X1.1(b)(2) contemplates a reduction in a defendant's base offense level only when "the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense." USSG § 2X1.1, comment. (backg'd.); see also United States v. Rosa, 17 F.3d 1531, 1550-51 (2d Cir.), cert. denied, 115 S.Ct. 211 (1994). Sinis had taken all the actions he believed necessary to accomplish the robbery, and the robbery was only "prevented on the verge of completion by the intercession of law enforcement authorities.... In such cases, no reduction of the offense level is warranted." USSG § 2X1.1, comment. (backg'd.). Consequently, the district court correctly determined that Sinis was not entitled to a reduction under USSG § 2X1.1(b)(2). We note also that the district court did not err by relying upon acquitted conduct (with respect to a codefendant) in sentencing Sinis. See United States v. Concepcion, 983 F.2d 369, 390-91 (2d Cir.1992), cert. denied, 114 S.Ct. 163 (1993).